**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGINALD LENARD SMITH, individually and as a class representative, | No. 12-56690 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-10666-GAF-PJW |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted August 7, 2014
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

Sheriff Lee Baca appeals the district court's denial of qualified immunity on

his motion for judgment on the pleadings in this putative class action under 42

U.S.C. § 1983. Plaintiff Reginald Smith alleges that he has twice been wrongfully

arrested on a Los Angeles County Superior Court felony warrant issued for another

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

person with a similar name and physical characteristics, resulting in his incarceration and the denial of his passport application. Smith claims that the Los Angeles County Sheriff's Department's refusal to update its warrant database with readily available biometric information about warrant subjects and exonerees violates his Fourth and Fourteenth Amendment rights. The only issue before us is whether Baca is entitled to qualified immunity regarding Smith's Fourteenth Amendment claim based upon alleged violations of his right to international travel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

The district court erred in concluding that the law was clearly established so as to put a reasonable official in Baca's position on notice that his alleged conduct deprived Smith of the right to international travel without due process of law. *See Ford v. City of Yakima*, 706 F.3d 1188, 1195 (9th Cir. 2013) (per curiam); *see also Green v. City & Cnty. of S.F.*, 751 F.3d 1039, 1052 (9th Cir. 2014) (requiring clarity in "the law governing the conduct at issue"). Although the right to international travel is clearly established in general, *see Eunique v. Powell*, 302 F.3d 971 (9th Cir. 2002), no law clearly establishes that a state official's actions leading to the State Department's discretionary denial of a passport application may effect a deprivation of the right. *See* 22 C.F.R. § 51.60(b)(9).

We decline to decide whether Smith has adequately pleaded a Fourteenth Amendment violation. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). We also decline to address the Fourth Amendment issues discussed by the parties. We conclude only that Sheriff Baca is entitled to qualified immunity because the law governing Smith's right to travel claim is not clearly established.

Sheriff Baca's motion for judicial notice is **DENIED AS MOOT**.

**REVERSED AND REMANDED**.